IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE LOUIS THOMPSON,<br><br>    Petitioner,<br><br>  v.<br><br>G.J. JANDA, Warden,<br><br>    Respondent.<br>_____/ | No. C 12-02850 CW (PR)<br><br>ORDER GRANTING EXTENSION OF TIME TO FILE TRAVERSE AND DENYING REQUEST FOR APPOINTMENT OF COUNSEL<br><br>(Docket nos. 9, 10) |

    Petitioner, a state prisoner proceeding pro se, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his state criminal conviction. The Court directed Respondent to file an answer to the petition and granted Petitioner leave to file a traverse. Respondent has filed an eighty-one page response to the petition. Petitioner now moves for an extension of time to file a traverse.

    Good cause appearing, the request is GRANTED. Petitioner shall file his traverse by no later than June 15, 2013. If no traverse is filed by that date, the petition will be deemed submitted and ready for decision.

    Petitioner also moves for the appointment of counsel to represent him in this case. The Sixth Amendment right to counsel does not apply in habeas actions. Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir. 1986). Pursuant to statute, however, a district court is authorized to appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require and such person is financially unable to obtain representation." See 18 U.S.C. § 3006A(a)(2)(B).

Here, given the record presented to date, the Court finds the appointment of counsel is not required. Petitioner's claims have been presented adequately in the petition, and the arguments made in support of the claims are placed in context by the exhibits lodged by Respondent in support of the answer, including the state trial transcripts and the detailed opinion of the California Court of Appeal. Further, at this early stage of the proceedings, the Court is not in a position to determine whether an evidentiary hearing will be required. In sum, the interests of justice do not require appointment of counsel in the instant case at this time. Should the circumstances change materially at a later stage of the litigation, the Court will reconsider this decision on its own motion.

Accordingly, the request for appointment of counsel is DENIED.

This Order terminates Docket nos. 9 and 10.

IT IS SO ORDERED.

Dated: 4/17/2013

CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE